UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LAWRENCE GREEN, | No. 1:14-cv-02006 DAD-EPG |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| CALIFORNIA PRIDE, INC. d/b/a Cedar and Ashlan Buggy Clean, | |
| Defendants. | |
| | (Doc. 29) |

**INTRODUCTION**

Plaintiff, Lawrence Green ("Plaintiff") filed the instant Motion for Default Judgment against Defendant, California Pride, d/b/a Cedar and Ashlan Buggy Clean ("Defendant"). (Doc. 29). Defendant has not filed an opposition. The matter was taken under submission pursuant to Local Rule 230(g). (Doc. 30). Upon a review of the pleadings, the Court recommends that Plaintiff's Motion for Default be GRANTED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this action on December 17, 2014. (Doc. 1). Plaintiff is limited in his ability to walk and uses a cane and walker for mobility. He alleges that Defendant California Pride Inc., owns, operates, and/or leases property that houses Cedar and Ahslan Buggy Clean located at 4245 North Cedar Avenue, Fresno, California 93726 ("the facility"). (Doc. 1, pgs. 1-

1

2). Plaintiff contends that when he visited the facility, he encountered barriers that interfered with his ability to use and enjoy the goods and services offered. He seeks damages and injunctive relief pursuant to the Americans with Disabilities Act ("ADA"), California Civil Code § 51 ("Unruh Civil Rights Act"), and the California Health and Safety Codes §§ 19953 and 19959. Defendant filed an answer on March 5, 2015.[1] (Docs. 5 and 7).

Plaintiff filed a First Amended Complaint ("FAC") on October 30, 3015 listing additional barriers but alleging the same causes of action and relief. (Doc. 23). Defendant did not file an answer to the FAC. The Clerk's Office entered default pursuant to the Plaintiff's request. (Docs. 24 and 25).

Plaintiff subsequently filed the instant Motion for Default Judgment and seeks: 1) $4,000.00 in statutory fees under the Unruh Act, 2) $8,136.00 in attorney's fees, and 3) $2,372.45 in costs. (Doc. 29-1, pgs. 9-12). Upon reviewing the Motion for Default, the Court noted several different email addresses used by Defendant's attorney in the pleadings and on CM/ECF. To ensure that Defendant received the motion, the Court ordered that Defendant's attorney verify receipt of the Motion for Default Judgment and confirm his email address. (Doc. 31). On May 18, 2016, Defendant's attorney verified the correct e-mail address and advised that he received the Motion for Default Judgment. (Doc. 32).

Despite being served with the motion, Defendant has not filed a Motion to Set Aside the Default, nor has it responded to the Motion for Default Judgment. The Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (Doc. 24-1, pgs 1-2).

///

///

---

[1] The case was stayed from May 21, 2015 until August 10, 2015 because the Defendant advised the Court that it intended to file for bankruptcy but ultimately did not do so. (Docs. 17 and 19).

## DISCUSSION

### A.  *Legal Standard*

Federal Rule of Civil Procedure 55(b)(2) outlines the requirements for a motion for default judgment and provides the following:

> (2)  By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

F.R.C.P. 55(b)(2). Factors which may be considered by courts when exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

A plaintiff is required to prove all damages sought in the complaint.  *See, Televideo Sys., v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1992).  In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint.  Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  *See, Cripps v. Life Ins., Co. Of N. Am.*, 980 F. 2d 1261, 1267 (9th Cir. 1992).  However, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard*

*Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

*B.    Analysis*

      **1.    The *Eitel* Factors Weigh In Favor of Default Judgment**

           **a.    Prejudice to Plaintiff if Default Judgment is not Granted**

If default judgment is not entered, Plaintiff will effectively be denied a remedy until such time as Defendant participates and makes an appearance in the litigation – which may never occur.  Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor.  *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

           **b.    Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint.  In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).  Accordingly, the Court will examine each of Plaintiff's claims.

*The ADA*

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation.  42 U.S.C. § 12182(a).  "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods

4

are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the FAC, Plaintiff, who uses a cane or walker, went to the facility and encountered or noted barriers associated with parking, routes for exit and egress, insufficient check-out facilities, and improper accommodation in the restrooms. The FAC identifies approximately twenty-two separate "barriers." (Doc. 23, ¶11). Plaintiff alleges that as a result of the barriers, he is deterred from visiting Cedar and Ashlan Buggy Clean. (Doc. 23, pg. 4, ¶ 12). He contends that the barriers complained of are easy to remove, but Defendant has not altered the property to comply with accessibility standards. (Doc. 23, pgs. 5-7). As such, Plaintiff has met his burden to state a prima facie Title III discrimination claim.

*The Unruh Act*

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in this state on account of disability. Cal. Civ. Code § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by

5

reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Here, Plaintiff alleges that Defendant denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (Doc. 23, ¶¶ 33-37). Moreover, because Plaintiff's FAC properly alleges a prima facie claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

*California Health and Safety Code §§ 19955 and 19959*

Under the California Health and Safety Code § 19955, it is mandated that all public accommodations constructed in California comply with the requirements of Government Code § 4450. Pursuant to Section 4450, "all buildings, structures, sidewalks, curbs, and related facilities, construed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities." Cal. Gov't Code § 4450. Additionally, non-exempt public accommodations constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code. Cal. Health & Safety Code § 19959.

Plaintiff incorporates his allegations regarding the barriers he encountered at the facility. Further, he alleges that the facility is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the facility was not exempt under the Health and Safety Code § 19956." (Doc. 27, ¶ 44.) Although largely boilerplate, this claim is sufficiently pled. *See Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684-WBS-DAD, 2011 WL 567364, at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment).

6

The complaint sufficiently states these causes of action and there appears to be merit to the substantive allegations.  Therefore, these *Eitel* factors weigh in favor of default judgment.

### c. **Sum of Money at Stake**

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions.  *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  Here, Plaintiff is seeking a default judgment in the amount of $4,000.00 in statutory damages and $8,136.00 in attorney's fees and $2,372.45 in costs.  This is not a particularly large sum of money which weighs in favor of granting default judgment.

### d. **Dispute Concerning Material Facts**

With regard to this factor, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and, despite being served with the FAC and this motion, Defendant has submitted nothing to contradict the well-pled allegations.  Accordingly, this factor favors entry of default judgment.

### e. **Default Due to Excusable Neglect**

Defendant has failed to file a responsive pleading or oppose the Motion for Default Judgment.  There is no evidence that Defendant's failure to participate in the litigation is due to excusable neglect, especially in light of its involvement in the beginning stages of this litigation. Thus, this factor weighs in favor of granting default judgment.

### f. **Strong Policy Favoring Decision on the Merits**

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed when compared with the other applicable factors that weigh in favor of granting default judgment.

### 2. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

#### a. Injunctive and Declaratory Relief

Plaintiff's FAC seeks an injunction requiring Defendants to make several changes and accommodations at the subject facility. (Doc. 23, pgs. 3-4, ¶11). As the factual allegations in the complaint are taken as true, Plaintiff is entitled to declaratory and injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

#### b. Statutory Damages

The Unruh Civil Rights act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a).

Plaintiff has sufficiently alleged facts indicating that he visited the property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered. (Doc. 23, ¶¶ 37-40). Thus, Plaintiff is entitled to $4,000 in statutory damages.

#### c. Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion. A fee award is

calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1146-48 (9th Cir. 2001). The moving party has the burden of producing sufficient evidence to show that his or her hourly rates are reasonable. *Blum v. Stenson*, 465 U.S. 886, 896, (1984). There is a strong presumption that the lodestar fee is reasonable, but the court may adjust it upward or downward as necessary to determine a reasonable fee. *Blum*, 465 U.S. at 897; *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). In determining the propriety of adjusting the "lodestar" rate, courts may consider the following factors: 1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the extent to which the attorney's work on the case precluded other legal employment; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the lawyer and the client; and, (12) awards in similar cases. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

Here, Plaintiff seeks an award of $ 8,136.00 for the total billable time spent on the matter, as well as $2,372.45 in costs. (Doc. 29-1, pgs. 11-12). Specifically, Plaintiff requests $5,910.00 for 19.7 hours of work expended by Ms. Tanya Moore, Esq. at an hourly rate of $300. Plaintiff also seeks $1,736.50 for 15.1 hours spent by paralegal Whitney Law at an hourly rate of $115.00; $356.50 for 3.1 hours spent by Marejka Sacks at a hourly rate of $155.00; and $133.00 for 1.4 hours spent by David Guthrie at an hourly rate of $95.00. (Doc. 29-1, pg. 12, lines 17-24).

### (i) Ms. Moore's Rate and Time Expended

The Court must provide a concise and clear explanation of the reasons for its attorney award

calculation. *Hensley*, 461 U.S. at 433, 437. With regard to the hourly rate to be charged, courts generally calculate these rates according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895. In general, courts utilize the rates of attorneys practicing in the forum district. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). The moving party bears the burden of producing sufficient evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

In the instant case, Counsel has requested a $300 hourly rate. This request is consistent with the rates awarded to Ms. Moore for work previously done on cases in this district. *Moore v. Watkins et al.*, 2015 WL 5923404 at *5 (E.D. Cal. Oct. 8, 2015); *Moore v. E-Z-N-Quick*, 2014 WL 1665034 at * 6 (E.D. Cal., April 24, 2014) ($300.00 per hour); *Moore v. Ruiz*, 2012 WL 3778874, at * 6 (E.D. Cal., Aug. 31, 2012) ($300.00 per hour); *Ruiz v. Gutierrez v. Onanion et al.*, *2012 WL 1868441* at * 2 *(E.D. Cal. May 22, 2012)* ($300.00 per hour).

Although the rate requested is reasonable, the Court finds the number of hours billed is somewhat excessive given the complexity of this case and Ms. Moore's previous experience in litigating these types of actions. Specifically, by way of her own declaration, Ms. Moore has filed over 1000 ADA cases. (Doc. 29-2, pg. 2, ¶ 3). From November 29, 2014 through December 17, 2014, Ms. Moore billed 3.2 hours to draft the initial complaint in this case. (Doc. 29-3, pg. 2). A review of the initial complaint is that it contains mostly boilerplate language that Ms. Moore has used in other cases, except that paragraph ten is changed to list the two alleged ADA violations.[2]

---

[2] The Court takes judicial notice that in the month of December 2014, the month the complaint was filed, Ms. Moore filed nine other cases in this district. A review of the complaints in those cases reveal that they are identical to this one except for changes to the names of the parties and paragraph 10 which lists that ADA violations. The cases are as follows: 1) *Escobedo v. Pilegard et al.*, 1:14-cv-1909-BAM (E.D. Cal., Dec. 2, 2014); 2) *Morales v. Red Mountain Asset Fund I, LLC et al*, 1:14-cv-1913-JAM-BAM (E.D. Cal., Dec. 3, 2014); 3) *Escobedo v. Young & Bryant, Inc. et al.*, 1:14-cv-1921-LJO-SAB (E.D. Cal., Dec. 3, 2014); 4) *Shaw v. Bhakta, et al.*, 1:14-cv-1965-JLT (E.D.Cal., Dec.

(Doc. 1, pgs. 2-3). Moreover, a review of Ms. Whitney's services reveals that she prepared a draft of the complaint on December 1, 2014, and billed an additional .8 hours. (Doc. 29-5, pg. 2). Given the boilerplate nature of the initial complaint and preparation by Ms. Whitney, it should not have taken Ms. Moore more than one additional hour to prepare and review this complaint. Therefore, 2.2 hours will be deducted from Ms. Moore's billing and she will be compensated for 17.5 hours of service at $300.00 per hour, for a total amount of $5,250.00.

### (ii) Paralegal Rate and Time Expended

The Court finds that the 15.1 hours expended by paralegal Whitney Law and the 3.1 hours spent by Marejka Sacks is reasonable. Moreover, $115.00 per hour for paralegal services has also been found to be reasonable in this district. *Moore v. Watkins et al., 2015 WL 5923404 at \*6* ($115.00 per hour); *Gutierrez v. Onanion et al.*, 2012 WL 1868441 at \* 2 ($115.00 per hour); *Delgado v. Mann Bros. Fuel Inc.*, 2010 WL 5279946 at \*4 ($115.00 per hour). Additionally, the Court finds that the 1.4 hours expended by David Guthrie at $95.00 per hour is also reasonable. Thus, the Court recommends that Plaintiff be awarded $2,226.00 for paralegal fees as requested without reduction.

### (iii) Litigation Expenses and Costs

Finally, Plaintiff's request for costs in the amount of $2,372.45 for filing fees, service of process, and site inspection services is appropriate

### **RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment in favor of Plaintiff and against Defendant be GRANTED IN PART as specified below :

---

10, 2014); 5) *Moore v. Hieng et al*., 1:14-cv-1968 (E.D. Cal., Dec. 10, 2014); 6) *Escobedo v. Sanoian et al*., 1:14-cv-1996-KMJ-MJS (Dec. 15, 2014); 7) *Moore v. Wong et al*., 1:14-cv-1997-SKO (Dec., 15, 2014); 8) *Moore v. Soto et al*., 1:14-cv-2003-LJO-SKO; and 9) *Escobedo v. Mazgedian et al*., 1:14-cv-2028- MCE-MJS (Dec. 19, 2014).

11

1. Defendant, California Pride, Inc. dba Cedar and Ashlan Buggy Clean is in violation of Title III of the ADA, for the purpose of establishing damages under the California Unruh Civil Rights Acts;

2. Plaintiff shall be AWARDED statutory damages in the amount of $4,000.00 payable by Defendant to Plaintiff, Lawrence Green, and delivered to the Moore Law Firm, P.C., 332 North Second Street, San Jose, California 95112;

3. Plaintiff shall also be awarded reasonable attorneys' fees in the amount of $7,476.00 ($5,250.00 + $2,226.00), and costs in the amount of $ 2,372.45 (for a total amount of $9,848.45) to the Moore Law Firm, P.C. Trust Account and delivered to the Moore Law Firm, P.C.,  332 North Second Street, San Jose, California 95112;

4. Defendant, within six months, is ORDERED to remediate the barriers at its facility commonly known as Cedar and Ashlan Buggy Clean, located at 4245 North Cedar Avenue Fresno, California 93726 to conform to ADA Guidelines (28 C.F.R. 36) and the California Code of Regulations Title 24 requirements as follows:

   a) A properly configured and identified accessible route of travel from the public sidewalk to the Facility entrance shall be provided.

   b) The curb ramps at the Facility entry walkway shall be properly configured.

   c) The Facility entry walkway shall not contain excessive vertical changes in level.

   d) A proper level exterior landing shall be provided at the Facility entry/exit doors.

   e) The Facility entry/exit doors shall have properly configured threshold(s).

   f) The Facility entry/exit doors shall not require excessive force to operate.

   g) Proper tow-away signage shall be provided.

   h) A properly configured and identified van-accessible parking stall shall be provided.

   i) The fuel pump controls, brochure holders at the fuel pumps, and self-service vacuum controls shall be properly positioned.

j) The exterior transaction drawer shall be properly positioned.

k) A properly configured accessible portion of the transaction counter shall be provided.

l) The debit card reader at the transaction counter shall be properly positioned.

m) The self-service beverage dispensers and lid/cup rack shall be properly positioned.

n) Proper clear width and turning clearances shall be provided and maintained along the aisles on the interior of the Facility.

o) The restroom door shall not require excessive force to operate.

p) Proper maneuvering, turning, and transfer clearances shall be provided within the restroom.

q) The lavatory in the restroom shall provide proper knee/toe clearances.

r) The accessories in the restroom shall be properly positioned.

s) Proper maneuvering clearances shall be provided at the restroom door.

t) Proper identifying signage shall be provided at the restroom entrance.

u) Proper head clearances shall be provided inside the restroom.

v) The flush control on the toilet in the restroom shall be located on the open side of the toilet.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

\\\

\\\

\\\

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler,* 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 15, 2016**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE